Kevin Finnegan
No. 13468
**GOLDBERG FINNEGAN CANNON, LLC**
8401 Colesville Road, Suite 630
Silver Spring, Maryland 20910
Telephone: (301) 589-2999
*kfinnegan@goldbergfinnegan.com*

John P. Kristensen
California Bar No. 224132
(*Pro Hac Vice forthcoming*)
Frank M. Mihalic, Jr.
California Bar No. 344691
(*Pro Hac Vice forthcoming*)
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Blvd.
Beverly Hills, California 90211
Telephone: (310) 273-1230
Fax: (310) 858-1063
*kristensen@cz.law*
*fmihalic@cz.law*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF MARYLAND – NORTHERN DIVISION

| | |
|---|---|
| ALEXIS EASTER, and JANASIA CRUMPLER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PP&G, INC. dba NORMA JEANS NITE CLUB, a Maryland Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COLLECTIVE ACTION** <br><br> **COMPLAINT FOR DAMAGES** <br> 1. **Failure to Pay Minimum Wages, 29 U.S.C. § 206;** <br> 2. **Unlawful Taking of Tips, 29 U.S.C. § 203; and** <br> 3. **Failure to Pay Minimum Wages, Md. Code Ann., Lab. & Empl. § 3-413.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs ALEXIS EASTER and JANASIA CRUMPLER ("Plaintiffs"), individually and on behalf of all others similarly situated, alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.   <u>NATURE OF THE ACTION</u>

1.     Plaintiff alleges causes of action against defendants PP&G, INC. dba NORMA JEANS NITE CLUB, a Maryland Corporation, and DOES 1 through 10, inclusive (collectively, "Defendants" or "Norma Jeans Nite Club") for damages due to Defendants evading the mandatory minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*("FLSA"), illegally absconding with Plaintiffs' tips and demanding illegal kickbacks including in the form of "House Fees."

2.     These causes of action arise from Defendants' willful actions while Plaintiffs were employed by Defendants from. During their time being employed by Defendants, Plaintiffs were denied minimum wage payments as part of Defendants' scheme to classify Plaintiffs and other dancers/entertainers as "independent contractors."

3.     Plaintiffs worked at Defendants' adult entertainment facility, Norma Jeans Nite Club, located at 10 Custom House Avenue, Baltimore, Maryland 21202.

4.     Defendants failed to pay Plaintiffs minimum wages for all hours worked in violation of 29 U.S.C. §§ 206 of the FLSA.

5.     Defendants also charged Plaintiffs and other dancers to work.

6.     Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

7.     Plaintiffs bring a collective action to recover the unpaid wages owed to them individually and on behalf of all other similarly situated employees, current and former, of

Defendants. Members of the Collective Action are hereinafter referred to as "FLSA Collective Members."

8.      As a result of Defendants' violations, Plaintiffs and the FLSA Collective Members seek to recover double damages for failure to pay minimum wage, interest, and attorneys' fees.

## II.  **PARTIES**

9.      At all times relevant, Plaintiffs were individual adult residents of the State of Maryland. Furthermore, Plaintiffs were employed by Defendants and qualify as "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Plaintiffs' consent to this action is attached hereto as Exhibit 1.

10.     The FLSA Collective Members are all current and former exotic dancers who worked at Norma Jeans Nite Club located at 10 Custom House Avenue, Baltimore, Maryland 21202 at any time starting three (3) years before this Complaint was filed, up to the present.

11.     Defendant PP&G, INC. dba NORMA JEANS NITE CLUB is a Maryland Corporation with its principal place of business located at 10 Custom House Avenue, Baltimore, Maryland 21202.

12.     At all times mentioned herein, Defendant was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Defendant may be served via its registered agent, Peter A. Prevas at 231 East Baltimore Street, Suite 702, Baltimore, Maryland 21202.

13.     DOES 1-10 are the managers/owners/employees or agents who control the policies and enforce the policies related to employment at Norma Jeans Nite Club.

14.     The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOES 1 through 10, inclusive are

unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs pray

for leave to amend this Complaint to show their true names and capacities when the same have

been finally determined. Plaintiffs are informed and believe, and upon such information and

belief allege thereon, that each of the Defendants designated herein as DOE is negligently,

intentionally, strictly liable or otherwise legally responsible in some manner for the events and

happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused

injury and damages proximately thereby to Plaintiffs, as is hereinafter alleged.

15.     At all material times, Defendants have been an enterprise in commerce or in the

production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA

because they have had employees at their clubs engaged in commerce, which has travelled in

interstate commerce. Moreover, because of Defendants' interrelated activities, they function in

interstate commerce. 29 U.S.C. § 203(s)(1).

16.     Furthermore, Defendants have had, and continue to have, an annual gross

business volume in excess of the statutory standard.

17.     At all material times during the three (3) years prior to the filing of this action,

Defendants categorized all dancers/entertainers employed at Norma Jeans Nite Club as

"independent contractors" and have failed and refused to pay wages or compensation to such

dancers/entertainers. Plaintiffs were individual employees who engaged in commerce or in the

production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18.     Plaintiffs are informed and believe that, at all relevant times herein, Defendants

engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the

conduct of its employees and agents, and other Defendants and are vicariously or strictly liable

for the wrongful conduct of its employees and agents as alleged herein.

19.     Plaintiffs are informed and believe, and on that basis allege that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employers and/or joint employers of Plaintiffs in that each of them exercised control over their wage payments and control over their duties.

20.     Plaintiffs are informed and believe, and on that basis allege that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

21.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## III.    <u>VENUE AND JURISDICTION</u>

22.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq.*

23.     This Court may exercise supplemental jurisdiction over Plaintiffs' claims arising under Maryland law because those claims arise out of the same "common nucleus of operative fact" as Plaintiffs' FLSA claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

24.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiff worked in this District.

///

## IV.     ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (AGAINST ALL DEFENDANTS)

### A.     FACTUAL ALLEGATIONS

25.     Defendants operate an adult-oriented entertainment facility located at 10 Custom House Avenue, Baltimore, Maryland 21202.

26.     Defendants' adult-oriented entertainment facility operates under the name "Norma Jeans Nite Club."

27.     At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs.

28.     At all times during the three (3) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

29.     At all times relevant to this action, Defendants exercised a great deal of operational and management control over the subject clubs, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

30.     Plaintiff Alexis Easter worked as an exotic dancer at Norma Jeans Nite Club from at least 2018-2021.

31.     Plaintiff Janasia Crumpler worked as an exotic dancer at Norma Jeans Nite Club from at least 2018-2020.

32.     The primary duty of an entertainer is to dance and entertain customers, and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis.

///

33.    Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

34.    Plaintiffs worked and performed at Norma Jeans Nite Club multiple shifts per week. Plaintiffs were an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

35.    Defendants did not pay entertainers on an hourly basis.

36.    Defendants exercised significant control over Plaintiffs during their shifts and would demand that Plaintiffs pay to work a particular shift.

37.    Defendants set prices for all performances.

38.    Defendants set the daily cover charge for customers and/or members to enter the facility and had complete control over which customers and/or members were allowed in the facility.

39.    Defendants controlled music for Plaintiffs' performances.

40.    Defendants controlled the means and manner in which Plaintiffs could perform.

41.    Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

42.    Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

43.    Although Defendants allowed entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises. In order to comply with Norma Jeans Nite Club's dress and appearance standards, Plaintiffs typically expended at least two hours each shift getting ready for work without being paid any wages for such time getting ready.

44.     Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiffs whatsoever for any hours worked at their establishment.

45.     Defendants also required Plaintiffs to share their tips with Defendants, and other non-service employees who do not customarily receive tips, such as the disc jockeys and the bouncers.

46.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiffs to retain all of their tips and instead required that they divide their tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

47.     Defendants exercised significant control over Plaintiffs through written and unwritten policies and procedures.

48.     Defendants provided and paid for all advertising and marketing efforts undertaken on behalf of Norma Jeans Nite Club.

49.     Defendants paid for the buildings used by Norma Jeans Nite Club's maintenance of the facilities, the sound systems, stages, lights, beverages and inventory used at the facilities.

///

50.     Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

51.     Defendants' opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at Norma Jeans Nite Club.

52.     Exotic dancing is an integral part of Norma Jeans Nite Club's operations. Norma Jeans Nite Club's advertising prominently displays nude or semi-nude dancing for its customers. Norma Jeans Nite Club is well known as a "strip club."

53.     Defendants need entertainers to successfully and profitably operate the Norma Jeans Nite Club business model.

54.     The position of entertainer requires no managerial skill of others.

55.     The position of entertainer requires little other skill or education, formal or otherwise.

56.     The only requirements to become an entertainer at Norma Jeans Nite Club are "physical attributes" and the ability to dance seductively. The amount of skill required is more akin to an employment position than that of a typical independent contractor.

57.     Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by entertainers.

58.     Plaintiffs were not paid an hourly minimum wage or *any* hourly wage or salary despite being present at Defendants' facility and required to work and entertain its customers at any time during their work shifts.

59.     Plaintiffs were not paid an hourly minimum wage for the time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards.

60.     The FLSA Collective Members had the same pay structure and were under the same controls as Plaintiff.

61.     Defendants have never paid Plaintiffs and the FLSA Collective Members any amount as wages whatsoever, and have instead unlawfully required Plaintiffs and FLSA Collective Members to pay them for the privilege of working.

62.     The only source of monies received by Plaintiffs (and the Collective she seeks to represent) relative to their employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiffs and the FLSA Collective Members were required to pay to Defendants.

63.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance with the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

64.     Plaintiffs and FLSA Collective Members who worked at Norma Jeans Nite Club performed precisely the same job duties - dancing and entertaining at Norma Jeans Nite Club.

65.     Plaintiffs and FLSA Collective Members who worked at Norma Jeans Nite Club during the applicable limitations period(s) were subject to the same work rules established by the Defendants as identified above.

66.     Plaintiffs and FLSA Collective Members at Norma Jeans Nite Club were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

67.     Plaintiffs and FLSA Collective Members at Norma Jeans Nite Club during the applicable limitations period(s) were subject to the same across-the-board, uniformly applied corporate policy mandated by Defendants.

68.     Plaintiffs and the FLSA Collective Members at Norma Jeans Nite Club, during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

69.     Defendants required Plaintiffs to pay fees to Defendants and other Norma Jeans Nite Club employees, including but not limited to DJs and bouncers.

70.     Defendants required Plaintiffs to pay fees to Defendants and other Norma Jeans Nite Club employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

71.     As a result of Defendants' across-the-board, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors" and their consequent failure to pay any wages or compensation whatsoever, it is a certainly that numerous other current and former dancers and entertainers who worked at Norma Jeans Nite Club during the applicable limitations period would elect to participate in this action if provided notice of same.

72.     Upon information and belief, more than one hundred (100) dancers and entertainers have worked at Norma Jeans Nite Club during the three (3) to five (5) years prior to the filing of this action.

73.     Plaintiffs are "similarly situated" to the 29 U.S.C. § 216(b) class of persons she seeks to represent, and will adequately represent the interests of the class.

74.     Plaintiffs have hired Counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the class.

75.     Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiffs or any other entertainer and failed to maintain and furnish wage statements to Plaintiffs.

76.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

c.     The amount and nature of each payment which, pursuant to 29 U.S.C. § 207(e), is excluded from the "regular rate";

d.     The hours worked each workday and total hours worked each workweek;

e.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

f.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

g.     The dates, amounts, and nature of the items which make up the total additions and deductions;

h.     The total wages paid each pay period; and

i.     The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

77.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and the FLSA Collective Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the FLSA Collective Members can meet

their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiffs seek to put Defendants on notice that she intends to rely on *Anderson* to provide the extent of her unpaid work.

### B.   INDIVIDUAL LIABILITY UNDER THE FLSA

78.     In *Brock v. Hamad*, the Court of Appeals for the Fourth Circuit held that individual defendants can be liable as employers under the FLSA. *Brock v. Hamad*, 867 F.2d 804 n.6 (4th Cir. 1989). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

79.     Under the majority rule, an individual corporate officer may be subject to liability in his individual capacity if he acts as a supervisor with sufficient control over the conditions and terms of a plaintiff's employment. *Zegarra v. Marco Polo, Inc.*, No. 1:08cv891, 2009 U.S. Dist. LEXIS 3845, at 85-6 (E.D. Va. Jan. 21, 2009) (citing *Kilvitis v. County of Luzerne*, 52 F.Supp.2d 403, 413 (M.D.Pa. 1999)).

80.     Does 1-10 are individually liable for failing to pay Plaintiffs their wages, imposing unlawful kickbacks, and depriving Plaintiffs of their tips. The actual identities of DOES 1-10 are unknown at this time.

## V.   COLLECTIVE ACTION ALLEGATIONS

81.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-80 as though fully set forth herein.

///

///

---

82.     Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present.

83.     Plaintiffs have actual knowledge that FLSA Collective Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiffs worked with other dancers/entertainers at Norma Jeans Nite Club. As such, they have firsthand, personal knowledge of the same pay violations throughout Defendants' club. Furthermore, other exotic dancers/entertainers at Defendants' club have shared with her similar pay violation experiences as those described in this Complaint.

84.     FLSA Collective Members perform or have performed the same or similar work as the Plaintiffs.

85.     FLSA Collective Members regularly work or have worked and did not receive minimum wage.

86.     FLSA Collective Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

87.     As such, FLSA Collective Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

88.     Defendants' failure to pay compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

///

89.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Collective Members.

90.     The specific job titles or precise job responsibilities of each FLSA Collective Member does not prevent collective treatment.

91.     All FLSA Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

92.     Although the exact number of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Collective Members.

93.     As such, Plaintiffs bring their FLSA claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers/entertainers who worked at Norma Jeans Nite Club at 5367 10 Custom House Avenue, Baltimore, Maryland 21202 at any time starting three years before this Complaint was filed.**

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206

**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

94.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-93 as though fully set forth herein.

95.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

96.     Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

97.     Defendants failed to pay Plaintiffs the minimum wage in violation of 29 U.S.C. § 206.

98.     Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the minimum wage under the FLSA.

99.     Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were illegal.

100.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203

### (By Plaintiff Individually and on Behalf of the Collective Against All Defendants)

101.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-92 as though fully set forth herein.

///

102.    Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t).

103.    At all relevant times, each Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

104.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

105.    Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

106.    Under the Tip Income Protection Act ("TIPA"): [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit. 29 U.S.C. § 203 (m)(2)(B).

107.    Defendants kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Norma Jeans Nite Club employees, such as the disc jockeys and bouncers in violation of TIPA.

108.    Defendants required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as the DJs and bouncers). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

109.    The contribution Defendants required Plaintiffs to make after each shift was arbitrary and capricious and distribution was not agreed to by Plaintiffs or other dancers; but rather, was imposed upon Plaintiffs and other dancers.

110.    By requiring Plaintiffs to pool their tips with club employees who do not customarily receive tips, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiffs in violation of the FLSA.

111.    Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiffs.

112.    At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiffs to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiffs the proper amount of the tips to which they were entitled.

113.    Defendants' willful failure and refusal to pay Plaintiffs the tips they earned violates the FLSA.

114.    Defendants kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Norma Jeans Nite Club employees, such as disc jockeys and bouncers, in violation of TIPA.

115.    As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiffs are entitled to damages in the form of all misappropriated tips, plus interest; as liquidated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

///

///

## THIRD CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE, MD. CODE ANN., LAB. & EMPL. § 3-413.

### (By Plaintiff Individually and on Behalf of the Collective Against All Defendants)

116.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in paragraphs 1-93 as though fully set forth herein.

117.   Defendants failed to pay Plaintiffs the minimum wage in violation of Md. Code Ann., Lab. & Empl. § 3-413.

118.   Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the Maryland Wage and Hour law by not paying Plaintiffs the required minimum wage.

119.   Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the Maryland Wage and Hour law long after it learned that its misclassification scheme and compensation policies were illegal.

120.   Due to Defendants' Maryland Wage and Hour violations, Plaintiffs are entitled to recover from Defendants minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action pursuant to Md. Code Ann., Lab. & Empl. § 3-427(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

1.      For compensatory damages according to proof at trial of at least $100,000;

2.      For special damages according to proof at trial;

3.      For restitution of unpaid monies;

4.      For attorneys' fees;

5.      For costs of suit incurred herein;

6.      For statutory penalties;

7.      For civil penalties;

8.      For pre-judgment interest;

9.      For post-judgement interest;

10.     For general damages in an amount to be proven at trial;

11.     For declaratory relief;

12.     For injunctive relief; and

13.     For such other and further relief as the Court may deem just and proper.


Dated: October 10, 2022                    */s/Kevin Finnegan*

                                           Kevin Finnegan
                                           No. 13468
                                           Goldberg Finnegan Cannon, LLC
                                           8401 Colesville Road, # 630
                                           Silver Spring, MD 20910
                                           (301) 589-2999

                                           *Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: October 10, 2022                    */s/Kevin Finnegan*

Kevin Finnegan
No. 13468
Goldberg Finnegan Cannon, LLC
8401 Colesville Road, # 630
Silver Spring, MD 20910
(301) 589-2999

**Attorneys for Plaintiffs**